U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

DEC 2 0 2017

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

K'Drea Fox

    **Plaintiff(s)**

vs.

New York State Department of Health, et al.,

    **Defendant(s)**

Civil Case No.:

**CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED**

1:17-cv-1366 (TJM/CFH)

Plaintiff(s) demand(s) a trial by: [ ] JURY  [✓] COURT  (Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: K'Drea Fox

  Address: 37 Mohawk Ave

      Waterford, NY 12188

Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: New York State Dept. of Health

   Official Position: Former Employer

   Address: Corning Tower Building Empire State Plaza

       Albany, NY 12237

b. Defendant: _____

Official Position: _____

Address: _____

_____

_____

4. This action is brought pursuant to:

[✓] Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

[ ] Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5. Venue is invoked pursuant to 28 U.S.C. s 1391.

6. Defendant's conduct is discriminatory with respect to the following (check all that apply):

(A) [✓] My race or color.
(B) [ ] My religion.
(C) [✓] My sex (or sexual harassment).
(D) [ ] My national origin.
(E) [ ] My pregnancy.
(F) [✓] Other: Intentional Denial of Advancement.

7. The conduct complained of in this action involves:

(A) [ ] Failure to employ.
(B) [✓] Termination of employment.
(C) [ ] Failure to promote.
(D) [ ] Unequal terms and conditions of employment.
(E) [ ] Reduction in wages.
(F) [ ] Retaliation.
(G) [ ] Other acts as specified below:

_____

_____

8.                                              **FACTS**

Set forth the facts of your case which substantiate your claims. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

I was offered employment as a Public Health Specialist I in May 2016. I began in the position on June 13, 2016. My direct supervisor was Ms. Melissa Doroski, who reported to Ms. Charlotte Bethany. During the first six months of employment, I received three glowing probationary reports, the last being administered prior to a medical procedure in October 2016. From the inception of the position, I was made to feel as though I was not accepted into the work culture. When this was mentioned in passing to Ms. Doroski, I was dismissed and made to feel as though I was imagining the treatment. I took copious notes during trainings and meetings, but there was often a lot of information that was withheld, impeding the ability to complete assignments in their entirety. Shortly before my medical leave, a total of six employees left the department for reasons unknown to me prior to accepting employment and prior to the discrimination. Once the last black female trainee transferred to another department, I became the focus of unwarranted, prejudicial treatment. These actions took place from January 2017 until my abrupt and unfounded termination in February 2017, prior to which I had filed a discrimination complaint against my employer. During the course of the prejudicial treatment, I sought assistance from my supervisor, her supervisor, the Employee Assistance Program, the PEF Union, the Division of Human Rights and attorneys, to no avail. Even after my termination, I continued to be mistreated and targeted while being neglected in my training for the position I was hired.

9.                                      **CAUSES OF ACTION**

**Note: You must clearly state each cause of action you assert in this lawsuit.**

**FIRST CAUSE OF ACTION**

A little over a month after my return from medical leave, I was still not feeling completely recovered, so I requested to have an adjusted schedule, which allowed me to work longer hours in one work week in order to have a day off in the second week of a two week pay period. I spoke to Ms. Doroski about the submission beforehand, and she was completely supportive.. I checked multiple times with Ms. Doroski and Ms. Kate McLaughlin, the HR Liaison, to ensure that my submission would be received and processed in a timely fashion. Per their positive responses, I completed the form on December 14, 2016, submitted it to Ms. Doroski, who also signed the same day, and gave it to Ms. McLaughlin for completion. She stated that she would have the form completed and submitted for the commencement of December 29, 2016. After having received no indication that there was an issue with the submittal, I commenced the new schedule on December 29, 2016, arriving to work at 6:55 AM and departing at 4:15 PM. A week later, without any indication as to there being an issue, I was called into a fabricated meeting where no work was discussed but was accused of "starting the adjusted schedule without approval" and "forcing a retroactive approval, which is something that is not done". On the copy of the schedule that I received, the form was not submitted by Ms. McLaughlin until January 3rd, 2017, yet I was treated as though I had never submitted the form at all.

## SECOND CAUSE OF ACTION

During the same falsified meeting on January 5, 2017, where I was told that my adjusted schedule had commenced without approval, despite the copy stating otherwise, I was told that I was "consistently tardy and left early" despite no evidence of this being remotely true. At any point, where I was potentially going to be tardy, I made a point of contacting the office and/or Ms. Doroski directly via text message and keeping everyone apprised. I also followed department guidelines and documented any departures or arrivals on the department wide calendar. Other false accusations occurred, including but not limited to, refusal to pay for overtime hours, despite written acknowledgement and approval by Ms. Doroski, unfounded and vague claims about alleged rudeness to coworkers when the exact opposite was the case. I was briefly questioned about a report that was sent late but it was directly related to receiving late data from the Department of Environmental, which directly impacted the timeliness of the report. There was no additional questions or comments about my work since that day. On January 26, 2017, I was called into yet another fabricated meeting and was told that due to my "mistrustful" behavior, I was being removed from the adjusted schedule. No specific evidence was provided to substantiate these claims and no one else was removed from an adjusted schedule or reprimanded for tardiness, which occurred often. My own supervisor, Ms. Doroski, was never punctual for the weekly meetings she scheduled for us to discuss my work load.

## THIRD CAUSE OF ACTION

On February 3, 2017, I was called into a meeting where, Ms. Charlotte Bethoney, Ms. Doroski's supervisor, administered an interim probation report, that was to allegedly cover the adjusted schedule "blunder" but actually made false claims about my work productivity and quality. This report was intended to discredit the previous three commendable reports and provide grounds for termination. The report stipulated that I had thirty (30) days to "improve" or face consequences, up to and including termination. Completely floored and upset by the swift change of events, I sought advise from the Bureau of Employee Relations, where I was told that they would "look into the situation". After speaking to Ms. Dawn Lewendoski, I followed up with the union representatives, who concurred that I was being targeted. A week later, on February 10, 2017, I filed my first complaint with the Division of Human Rights. Two weeks later, on February 24, I was terminated without cause and given a letter, which was even more vague than the reason provided by Ms. Bethoney. My direct supervisor, Ms. Doroski was no longer present for any meetings and had ceased assisting me with my work duties, despite stating that she wanted me to succeed in the position. I was initially told that it took each person years to master their positions, yet I was expected to have mastered everything, including tasks that I had never received before, in a matter of months

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:

    February 10, 2017
    (Provide Date)

11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter **(copy attached)** which was received by me on or about:

    September19, 2017
    (Provide Date)

12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).

14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g).

15. **PRAYER FOR RELIEF**

**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:
Financial compensation of $475,000 to accommodate for lost wages, emotional and physical distress, humiliation and the psychological anguish of losing two positions after possessing a spotless performance record as an employee of New York State Department of Health.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 12/19/2017

_____
Signature of Plaintiff(s)
(all Plaintiffs must sign)

02/2010

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** K'Drea Fox<br>37 Mohawk Avenue<br>Waterford, NY 12188 | **From:** New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-01549 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____  September 19, 2017
Kevin J. Berry,                     *(Date Mailed)*
District Director

Enclosures(s)

cc:
**Attn: Director of Human Resources
NEW YORK STATE, DEPARTMENT OF HEALTH
Director, Bureau of Administrative Hearings
Corning Tower Building Empire State Plaza
Albany, NY 12237**

# DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: K'Drea Fox<br>37 Mohawk Avenue<br>Waterford, NY 12188 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2017-01549 | Holly M. Woodyard,<br>State & Local Program Manager | (212) 336-3643 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Kevin J. Berry,
District Director

September 19, 2017
*(Date Mailed)*

Enclosures(s)

cc:
**Attn: Director of Human Resources
NEW YORK STATE, DEPARTMENT OF HEALTH
Director, Bureau of Administrative Hearings
Corning Tower Building Empire State Plaza
Albany, NY 12237**