**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**K'DREA FOX,**

                                        **Plaintiff,**

                  **-v-**                                          **1:17-CV-1366 (TJM/CFH)**

**NEW YORK STATE DEPARTMENT**
**OF HEALTH,**

                                        **Defendant.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

### DECISION & ORDER

## I.   INTRODUCTION

        K'Drea Fox ("Plaintiff") commenced this 42 U.S.C. § 1983 action *pro se*, alleging that

she was discriminated against and wrongfully terminated on the basis of her race and

gender. Dkt # 1.  Before the Court is Defendant's motion to dismiss Plaintiff's complaint

pursuant to Fed. R. Civ. P. 12(b)(6).  *See* Dkt # 14.  Plaintiff did not respond. The Court will

decide the motion on the submissions alone.  For the reasons that follow, the motion will be

**GRANTED** with leave to amend.

## II.   STANDARD OF REVIEW

        In addressing motions to dismiss, the Court must accept "all factual allegations in the

complaint as true, and draw[] all reasonable inferences in the plaintiff's favor."  *Holmes v.*

*Grubman*, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a

1

cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In terms of Title VII claims, "[o]n a motion to dismiss, the question is not whether a plaintiff is *likely* to prevail, but whether the well-pleaded factual allegations *plausibly* give rise to an inference of unlawful discrimination, *i.e.*, whether plaintiffs allege enough to 'nudge[] their claims across the line from conceivable to plausible." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72 at 87 (2d Cir. 2015) (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff is a pro se litigant, her "[p]ro se submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)(*per curiam*)); *see also Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (same); *Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for pro se litigants).

## III.    DISCUSSION

### 1. Defendant's Arguments

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure on two grounds, which will be addressed below.

A.  Statute of Limitations

Defendant argues that Plaintiff failed to meet the statute of limitations set forth in Title VII.  Dkt # 14 pp. 6.  "In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter."  *Sherlock v. Montefiore Md. Ct.*, 84 F.3d 522, 525 (2d Cir. 1996); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 149-50 (1984) (*per curiam*).  Defendant contends that "Plaintiff was . . . required to file her Complaint on or before December 18, 2017."  Dkt # 14 pp. 6.

In her form complaint, Plaintiff responded to the following paragraph by writing the date "September 19, 2017" on the line below:

> 11. The Equal Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached) which was received by me on or about:
>
> _____
> (Provide Date)

Dkt # 1 pp. 4.

The date provided by Plaintiff supports Defendant's argument that the Complaint was untimely filed.  Attached to the complaint, however, is the right-to-sue letter the EEOC issued, which states that the agency mailed the notice on September 19, 2017.  Dkt # 1 pp. 6.  Making all inferences in Plaintiff's favor, it seems unlikely that Plaintiff would have received the right-to-sue letter the day it was mailed, especially considering the fact that the letter was mailed from the EEOC's New York City office to Plaintiff's Waterford, New York residence.  *See* Dkt # 1 pp. 6.  Taking the allegations in the complaint in the light most favorable to Plaintiff, it appears possible that Plaintiff misread paragraph 11 of the form complaint and put down the date EEOC mailed the letter rather than the date she received

3

it.  *See e.g. Sopko v. Ridge View Manor*, 10-CV-158A, 2010 WL 2553454, at *2 (W.D.N.Y. June 22, 2010)("In opposition to the motion, plaintiff, now represented by counsel, argues that she mistakenly confused the date of mailing with the date of receipt when she filled out the form complaint on her own. Because the EEOC itself certified that it mailed the right-to-sue letter on November 27, 2009, plaintiff asserts that she could not possibly have received the letter that day. . . . At oral argument, defendant conceded that, upon reviewing plaintiff's opposition papers, it has no reason to believe that plaintiff received the right-to-sue letter on the same day when the EEOC mailed it.").   Accepting this interpretation, paired with the understanding that it is "[n]ormally . . . assumed that a mailed document is received three days after its mailing," and that "a notice provided by a government agency has been mailed on the date shown on the notice," *Sherlock v. Montefiore Medical Center,* 84 F.3d 522 (2d Cir. 1996) (citing Fed R. Civ. P. 6(e)), the Court will assume that Plaintiff received the right-to-sue letter on or about September 22 permit, 2017.   This new date would make timely a complaint filed on or before December 21, 2017.  Plaintiff filed her complaint on December 20, 2017.  Under those circumstances Plaintiff's complaint was timely and need not be dismissed.  Because the Court will dismiss the complaint for failing to state a claim but grant leave to file an amended complaint, the Court need not rule on the timeliness issue now.   Plaintiff is advised that if she files an amended complaint, she must state the date that she actually received the right-to-sue letter.  Defendant may renew its motion on this basis after Plaintiff files an amended complaint.

     B. Plaintiff's Failure to State a Valid Claim for Relief

     Plaintiff did not respond to Defendant's motion to dismiss.  "[N]o response [is] necessary" to a 12(b)(6) motion to dismiss, however, and the Court will apply the

appropriate legal standard to determine whether Plaintiff's complaint states a claim upon which relief could be granted. *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983).

In a claim for relief under Title VII, the plaintiff must allege that: "(1) [s]he was a member of a protected class; (2) [s]he was competent to perform the job in question, or was performing the job duties satisfactorily; (3) [s]he suffered an adverse employment action; and (4) the action occurred under circumstances that give rise to an inference of discrimination." *Spiegel v. Schulmann*, 604 F.3d 72, 80 (2d Cir. 2010) (citation omitted). The fourth element is a "flexible one that can be satisfied differently in differing factual scenarios." *Chertkova v. Conn. Gen. Life Ins. Co.*, 92 F.3d 81, 91 (2d Cir. 1996). The inference "can be drawn from circumstances such as 'the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequences of events leading to the plaintiff's [adverse] employment action.'" *Barella v. Village of Freeport*, 16 F. Supp.3d 144, 162 (E.D.N.Y. 2014) (quoting *Abdu-Brisson v. Delta Air Lines, Inc.*, 239 F.3d 456, 468 (2d Cir. 2001)).

In her complaint, Plaintiff asserts three causes of action. The first cause of action centers on disputes about assigned working hours between the parties. *See* Dkt # 1 pp. 3 (Plaintiff alleges she "was called into a fabricated meeting where no work was discussed but was accused of 'starting [an] adjusted schedule without approval' and 'forcing a retroactive approval, which is something that is not done.'"). Plaintiff's second cause of action mentions a variety of workplace issues including Defendant's "refusal to pay for overtime hours," Plaintiff's "alleged rudeness to coworkers," and makes additional references to

Plaintiff's "adjusted work schedule." Dkt # 1 pp. 4. Plaintiff's third cause of action focuses on Defendant's mandate that Plaintiff "had thirty (30) days to 'improve' or face consequences, up to and including termination." *Id.* This cause of action points to Plaintiff's termination and alleges that she was "expected to have mastered everything, including tasks that [Plaintiff] had never received before." *Id.*

Plaintiff's complaint does not allege facts sufficient to make it plausible that she suffered discrimination because of her race and/or gender. While Plaintiff makes one generalized accusation concerning race and gender at the beginning of her Complaint, she does not point to any facts connecting the alleged discrimination to her termination. *See* Dkt # 1 pp. 3 ("Once the last black female trainee transferred to another department, I became the focus of unwarranted, prejudicial treatment."). In fact, Plaintiff does not mention race or gender in the remainder of her seven-page complaint. She does not identify her own race and gender. Plaintiff has failed to state a plausible Title VII claim, and the motion to dismiss will be granted in this respect.

### 2. Plaintiff's Possible Retaliation Claim

In her complaint, Plaintiff alleges that she was terminated from her employment after she filed a complaint with the New York State Division of Human Rights. *See* Dkt #1 pp. 4 ("On February 10, 2017, I filed my first complaint with the Division of Human Rights. Two weeks later, on February 24, I was terminated without cause. . ."). Making all inferences in Plaintiff's favor, the Court concludes that Plaintiff may attempt to raise a retaliation claim.

Section 704(a) of Title VII provides, in pertinent part, that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his . . . employees

because [the employee] has opposed any practice made an unlawful employment practice by this subchapter…." 42 U.S.C. § 2000e-3(a). This subsection's objective "is obviously to forbid an employer from retaliating against an employee because of the latter's opposition to an unlawful employment practice." *Manoharan v. Columbia Univ. College of Physicians*, 842 F.2d 590, 593 (2d Cir. 1988). A finding of unlawful retaliation generally does not depend on the merits of the underlying discrimination claim. *See, e.g., Davis v. State Univ. Of New York*, 802 F. 2d 638, 642 (2d Cir. 1986); *James v. Runyon*, 843 F. Supp. 816, 825 (N.D.N.Y. 1994), *aff'd*, 47 F.3d 1158 (2d Cir.), *cert denied*, 516 U.S. 841, 116 S. Ct. 126, 133 L. Ed.2d 75 (1995). However, the plaintiff in such an action "must demonstrate a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" *Manharan*, 842 F.2d at 593 (quoting *Abel v. Bonfanti*, 625 F. Supp. 263, 267 (S.D.N.Y. 1985)).

It is possible that Plaintiff attempts to assert a Title VII retaliation claim but fails to do so explicitly because the form complaint she relied on did not have a specific place to allege such a claim. For reasons discussed in the next paragraph, Plaintiff will be granted leave to amend to assert a retaliation claim.

### 3. Leave to amend

Plaintiff has not sought leave to amend her complaint. However, the Second Circuit has instructed that "a district court should not dismiss a *pro se* complaint 'without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). In light of Plaintiff's *pro se*

7

status, and because it is possible that Plaintiff could plead timely and plausible discrimination and/or retaliation claims pursuant to Title VII, Plaintiff will be granted leave of thirty (30) days in which to file an amended complaint.  If the Plaintiff chooses to exercise this leave to amend, she must make it clear what claims she is alleging and the factual basis for those claims.  Also, as indicated above, she must allege the date she received the right-to-sue letter.  This amended complaint must be titled "Amended Complaint" and bear the same caption and docket number as this Order.  Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if Plaintiff files an amended complaint, she **must properly alleged in the amended complaint all factual bases for all claims asserted therein, and the amended complaint must be in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure</u>.  This action will be dismissed **with prejudice** if Plaintiff fails to file an amended complaint consistent with this Decision and Order</u>.

IV.    **CONCLUSION**

For the reasons articulated above, it is hereby

**ORDERED** that Defendant's motion to dismiss this action (Dkt # 14) is **GRANTED**. The Complaint (Dkt # 1) is **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND**; and it is further

**ORDERED** that Plaintiff is given <u>thirty (30) days from the date of this Decision and Order</u> in which to file an Amended Complaint.  Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.  Therefore, if Plaintiff files an amended complaint, she **must properly allege in the amended complaint all factual**</u>

8

**bases for all claims asserted therein, and the amended complaint must be in**

**compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure**; and, it is

further

 **ORDERED** that should Plaintiff fail to file an amended complaint within <u>thirty (30)</u>

<u>days from the date of this Decision and Order</u>, **the dismissal shall be deemed to be <u>with</u>**

**<u>prejudice</u> without further action by the Court,** and the Clerk of the Court may then close

the file in this case.

**IT IS SO ORDERED.**

Dated:  July 6, 2018

Thomas J. McAvoy
Senior, U.S. District Judge